Nathan *v.* McGinley, Appellant.

Argued April 23, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*G. A. Troutman,* of *McWilliams, Wagoner & Troutman,* for appellant.

*William T. Connor,* with him *John R. K. Scott, Hardie Scott* and *John J. Cahill,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 12, 1941:

Appealing from a judgment against him in an action for damages for personal injuries, which plaintiff received while riding as a guest in his automobile, driven by him, defendant seeks a new trial at our hands, as he did in the court below.

He argues that the trial judge committed basic and fundamental error, in failing to charge as to the burden of proof, and the weight and preponderance of the evidence; in failing to define negligence and contributory negligence, and to state and define the degrees of care required in a host and guest case; and that the trial judge erred in refusing to strike out testimony of plaintiff, that defendant was going "much faster" and was "in a hurry"; and in refusing to permit him to develop the fact that plaintiff was not taking proper and adequate means to effect a cure.

The case is a very simple one, which any jury of average intelligence could not fail to understand. It grew

out of a collision between defendant's automobile and one driven by a woman from North Carolina,* at the right angle intersection of two main highways. Only two witnesses testified to the occurrence, plaintiff and defendant.

The trial judge charged, in language clear and explicit, marshaling the testimony of both parties in a most fair and impartial manner. True, he did not use the expression burden of proof, but he did state to the jury its equivalent, in instructing them, that to recover plaintiff had to convince them that the accident was caused by defendant's carelessness and fault, and that they were to decide the case "from a weighing and consideration of the evidence presented." Of course, in cases where the evidence is conflicting, and the stories of the parties are buttressed by those of other witnesses, it is important that the trial judge shall instruct as to burden of proof (See *Sears v. Birbeck,* 321 Pa. 375, 184 A. 6), but in a simple case like this, with no one testifying but the parties, such instructions would add nothing to a plain statement as to what the plaintiff had to show to be entitled to recover. The judge made the issue very clear, and the jury could have had no difficulty in comprehending the questions they were to decide. To use a formula about burden of proof under the circumstances here presented would have added nothing to the enlightenment of the jury and the failure to make a formal statement in this respect is not sufficient to upset their finding. Particularly is this so, when account is taken of the fact that, at the conclusion of his charge, the judge inquired of counsel whether there was anything they wished him to add. Defendant's attorney, an able and experienced trial lawyer, remained silent and contented himself with an exception as to the refusal of his point for binding in-

---

* 340 Pa. 10, 16 A. 2d 2.

structions. He did not take even a general exception to the charge.

Moreover, in this case there is not a great deal of conflict between the evidence of plaintiff and defendant. She testified that the day was clear and when they were at a distance of three or four city blocks she saw the green light at the intersection, that defendant was going too fast, and she said to him she thought they had better go slower, that when they reached a point about 60 feet from the intersection, the light turned red, that defendant was driving at the rate of 50 to 55 miles an hour and did not slow up as he entered the intersection, that she first observed the other car when they were 60 feet from the intersection, at the same distance from it and proceeding at the same speed they were. The car crashed into them, hitting their's on the right side where she was sitting. She was very seriously injured.

Defendant testified that when they reached a point about 500 feet from the intersection, he noticed he had a green light, that there is a gasoline station at the intersection, which obstructs the view until you get within seven or eight car lengths of it, that when he was six car lengths away, 60 or 70 feet, he noticed the other car coming toward the intersection from his right, that he had a green light and proceeded over, and did not observe the presence of the other car again until he entered the intersection, when it was too late to stop. He put on his brakes and tried to swerve to the left and the other car struck his, that as he approached the intersection, his speed was 35 to 40 miles an hour. He did not remember that plaintiff said anything about his going too fast. He said, when he observed the other car, it was equidistant with him from the intersection and going at the same speed. In his opinion, he could have stopped his car in about 40 feet. On cross-examination, he admitted that if both cars continued ahead,

they were bound to meet at the crossing. Under his own version, the jury could have found defendant negligent.

What has been said about failure to mention burden of proof applies to the failure to define negligence and contributory negligence as usually defined. (There was none of the latter in this case). What the court did say about negligence and carelessness, as applied to the facts, was more helpful to the jury we are convinced, than the abstract definition.

As to the contention that it was error for the court to refuse to permit defendant to develop the alleged fact that plaintiff was not taking proper and adequate means to effect a cure, it is sufficient to say, that she was attended throughout her long disability in a hospital and at home, by a surgeon, whose competency was admitted by defendant's counsel when he took the stand on the trial. What we said in disposing of a similar contention in *Wallace v. Pennsylvania R. R. Co.*, 222 Pa. 556, 71 A. 1086, sustains the trial judge's position: "though injury was caused by unskillful treatment, yet, if the plaintiff exercised ordinary care in the selection of the surgeon, the defendant, if liable legally for the original injury, would be liable for the increased injury as well." See also *Thompson v. Fox*, 326 Pa. 209, 192 A. 107; Restatement, Torts, Sec. 457.

We are unable to see any error in the refusal of the judge to strike out of her testimony plaintiff's statement that defendant "was going much faster because we were in a hurry." Subsequently his speed in miles per hour was stated by the witness.

Judgment affirmed.