Blanchard *v.* Wilt, Appellant.

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

*James W. Mack, Jr.,* for appellants.

*Alexander A. Notopoulos,* with him *Martin Goodman, W. Parker Ruddock,* and *Goodman & Notopoulos,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

The plaintiffs, Raymond T. Blanchard and Betty Lou Blanchard, retained the defendants, B. O. Wilt and Eugene T. Wilt, trading as B. O. Wilt and Son (Wilt), a partnership engaged in the general contracting business, to remodel their home. Wilt hired Clyde Nehrig to perform the plumbing work as an independent subcontractor. During the course of the work, the house was extensively damaged by fire, allegedly caused by the negligence of both contractors, Wilt and Nehrig, or their employees.

The Blanchards instituted separate actions against Wilt and Nehrig. Independent and separate acts of negligence were specifically set forth against each defendant in the separate complaints. Damages in the amount of $11,092.10 were claimed. The action against Wilt was tried first. The lower court entered a compulsory nonsuit.[1] The following day the action against Nehrig was called for trial. By agreement of the parties, the trial court without the taking of testimony, directed the jury to return a verdict in favor of the plaintiffs and against the defendant in the sum of $3250. No judgment was entered on the verdict, however, a receipt of payment was filed of record, the verdict marked satisfied and the action discontinued.

Subsequently, the present action of Blanchard against Wilt was called for retrial. The defendants moved for a compulsory nonsuit on the ground that the consent verdict in the action against Nehrig operated as a release in favor of all parties. This was overruled. A verdict in favor of plaintiffs was returned by the jury in the amount of $6000. A motion for judgment notwithstanding the verdict was refused and a new trial granted. The defendants appeal from the refusal to enter judgment n.o.v.

The basic issue raised by this appeal is whether or not the consent verdict against the subcontractor bars any further recovery by the plaintiffs.

At the trial of the instant case, the appellants introduced the following letter from plaintiffs' attorney into evidence:
"Dear Mr. Mack:

Pursuant to the negotiations for settlement of the above claim, Martin Goodman, Esq., and myself agreed with you that in consideration of the sum of $3,250. to

---

[1] This Court subsequently reversed the judgment of nonsuit: *Blanchard v. Wilt*, 403 Pa. 380, 169 A. 2d 541 (1961).

be paid by Clyde E. Nehrig and Selected Risks Insurance Company, we agreed to hold Clyde E. Nehrig harmless from any further liability in connection with the damage to the Raymond T. Blanchard house, occasioned by a certain fire on or about October 27, 1957.

This letter is for the purpose of reaffirming said agreement and is given by myself with the consent and knowledge of Martin Goodman, Esq., Attorney for New Hampshire Fire Insurance Company."

The appellants advance the following arguments in support of their position: (1) The letter of May 5, 1960, supra, is a letter of indemnity, not a release, and the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 P.S. §§2082 to 2086 is not pertinent; (2) The record satisfaction of the verdict is tantamount to a complete satisfaction which precludes further recovery against another liable for the same injury; (3) Injustice will result if the letter of May 5, 1960, supra, is construed as a release, since Wilt will be denied the right of any action over against Nehrig by operation of Section 5 of the Act of 1951. We find no merit in these contentions.

Concededly, if the Act of 1951, supra, does not apply and Wilt is either jointly or severally liable with Nehrig for plaintiffs' loss, the previous satisfaction of a judgment against Nehrig *or* the execution and delivery of a release to Nehrig by the plaintiffs would bar the present action: *Hilbert v. Roth,* 395 Pa. 270, 149 A. 2d 648 (1959); Restatement, Torts, §885(1). However, the Act of 1951, supra, does apply and is controlling.

We construe the letter of May 5, 1960, supra, to be a release. Even if it were not a release, the presence or absence of this fact is not determinative of the question of the application of the act. There is nothing in

the statute or the decisions to so indicate. Being a release, it does not discharge Wilt from liability, since it does not so provide: Section 4, Act of 1951, supra, 12 P.S. §2085; *Smith v. Fenner,* 399 Pa. 633, 161 A. 2d 150 (1960). Further, by the express language of Section 1 of the Act of 1951, 12 P.S. §2089, it applies to persons who are jointly or severally liable in tort for the same injury.

Nor can we agree with appellants that the satisfaction of the consent verdict was a satisfaction of a judgment thereby bringing the case under the rule of *Hilbert v. Roth,* supra. The verdict against Nehrig was not reduced to judgment and no judgment was ever entered against him. Even if judgment had been entered against Nehrig, appellants would not be discharged since, "The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasor": Act of 1951, supra, §3, 12 P.S. §2084. But more importantly, *no judgment* against Nehrig was ever *satisfied.* In *Hilbert,* supra, *judgment was entered and satisfied after an adversary action on the merits.* The court was justified in assuming therein that the judgment represented the true value of the claim. Moreover, the court pointedly recognized the distinction and effect between "the recovery of a judgment" and "the satisfaction of a judgment." Also, a consent verdict is not the legal equivalent of a judgment entered in an action after an adversary proceeding. In fact, it does not legally determine the matters in controversy: *Zampetti v. Cavanaugh,* 406 Pa. 259, 176 A. 2d 906 (1962).

The present action is absent many of the significant features present in *Hilbert,* supra, and is clearly dissimilar. That decision must be limited to its own factual situation and is not pertinent herein. The entry and satisfaction of the consent verdict does not preclude the present action.

Finally, appellants' thinking that the release deprives them of the right of contribution is incorrect. A release of one joint tortfeasor does not relieve him from making contribution to another joint tortfeasor liable for the same injury, *unless* the release provides for a reduction to the extent of the pro rata share of the injured person's damages recoverable against all other joint tortfeasors: Section 5, Act of 1951, supra, 12 P.S. §2086; *Davis v. Miller,* 385 Pa. 348, 123 A. 2d 422 (1956). Since the letter of release did not provide for a pro rata reduction in appellants' liability, appellants may pursue their right of contribution against Nehrig, if and when such a right materializes.

Order affirmed.