## DeRafelo v. DiStefano

*Lance J. Nelson,* for plaintiffs.
*John F. O'Brien III,* for defendant.

WOOD, *J.,* March 23, 1995—Defendant in this matter has asked me to non pros the civil complaint filed by the plaintiffs. Defendant correctly points out that the case was instituted by writ of summons on October 31, 1988, and that various pleadings and other documents were filed up through and including September 25, 1990. Thereafter, there is no docket activity until this motion to non pros was filed on December 1, 1993. Defendant therefore requests me to presume the prejudice arising from a delay of two years or more, pursuant to the doctrine of *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), and to dismiss the case for lack of prosecution.

Plaintiffs respond by pointing out that there was apparently correspondence between the parties in that interval, concerning the scheduling of depositions. Plaintiffs also assert that they had sued other persons in tort for the injuries which led to the treatment by defendant in this case, and that it was necessary to await the outcome of that tort action before pursuing this action further. Plaintiffs characterize that other action as one involving the necessity of "awaiting significant developments in the law," as that term is used in *Streidl v. Community General Hospital,* 529 Pa. 360, 363, 603 A.2d 1011, 1012 (1992).

I do not think that one letter requesting the scheduling of depositions in over three years amounts to due diligence. If plaintiffs wanted to schedule Dr. DiStefano's deposition, they had but to file a notice of deposition.

Nor do I think that awaiting the outcome of the tort action which involved the underlying injury amounts to "awaiting significant developments in the law." I construe that term as referring to the situation where some novel point of law is involved in the action under consideration, and one of the appellate courts has under consideration *that very point,* and counsel wished to wait until the point is resolved before proceeding.

However, I am loathe to dismiss the plaintiffs' claim, because it seems to me that plaintiffs' counsel was faced with a pretty tough set of decisions, and that the law gives him no sound guidance for the resolution of his problems. Here is what I mean: X is injured in an automobile accident by tortfeasor A. He goes to Dr. B to be treated, and Dr. B treats him negligently. X therefore has claims in tort against both A and B, and he pursues both. The only thing we know for sure in this situation is that X is entitled to recover from A not only the injuries caused by A, but also all those consequences occasioned by the negligence of B. *Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937); Restatement (Second) of Torts §457. We also know from *Brandt v. Eagle,* 412 Pa. Super. 171, 602 A.2d 1364 (1992), that X is only entitled to one recovery for all the harm occasioned to him, no matter from what source. Thus, if X gets a judgment against A and marks it satisfied, X may not thereafter proceed against B. *Brandt v. Eagle* does not discuss the obverse of that proposition, to wit, supposing X gets a judgment against B, does that satisfy any claim against A? *Brandt v. Eagle* is a fascinating case, because it raises all sorts of interesting conceptual questions: first, although the case does not discuss this point, it seems to me that the claim against A is of necessity greater than the claim against B. The claim against A includes all the

injuries occasioned by B, plus those additional injuries which may have been occasioned by A, such as pain and suffering and any other loss before X finally got to B for treatment, and the residuary damages X might have had even if B had rendered proper treatment. *Brandt v. Eagle* indeed entirely avoids the question of what problems X may have had, had B never treated X, or if B had treated X properly. Would X have been totally cured, or would there have still been some underlying injuries which could not be attributed to B? The point of these inquiries is to make it clear that if X obtained a judgment against B, and satisfied that judgment, it would be clear (to me, at least) that there was still a residual set of claims against A which had not been satisfied nor even litigated. This problem is not discussed in *Brandt v. Eagle,* nor ever alluded to, nor is it discussed in any other case that I am aware of.

It seems to me that *Brandt v. Eagle* invites X, the injured tortfeasor, to sue both A and B, and then seek satisfaction on whichever judgment is larger. If this is so, and if B, for instance, is obliged to pay off the judgment, would B have a right of contribution against A? Since B would likely not have such a right if he and A had been sued in separate lawsuits, would it be appropriate to join A and B as defendants in the same lawsuit? This seems a dubious proposition. I would not think that both actions grow "out of the same transaction, occurrence, or series of transactions or occurrences." Pa.R.C.P. 2229(b). There would be monumental problems in instructing the jury in such a case.

I find it difficult in this situation to tell plaintiffs that rather than await the outcome of the suit against the underlying tortfeasor, they should have gone ahead with their trial against this defendant. It was possible

that they could have obtained a verdict against the underlying tortfeasor which would have satisfied their claim in full. In point of fact, they recovered nothing from the underlying tortfeasor (which I suppose, as a matter of law, means that those defendants were not in fact tortfeasors). See *DeRafelo v. DeCicci,* term no. 88-01243 [26 D.&C.4th 18 (1995)]. It might have been the better course of action for plaintiffs to press ahead in this suit against the physician, regardless of the progress of the other lawsuit. However, given the theoretical problems set forth above, I find myself unable to say that what they did in fact do was so unduly dilatory that I should now put them out of court.

Accordingly, I enter the following

### ORDER

And now, March 23, 1995, based on the foregoing reasoning, defendant's motion for judgment non pros in the above action is denied.