557 A.2d 1064

**Donald F.U. GOEBERT, Corporate Investment Company and Corporate Life Insurance Company**

**v.**

**Steve M. ONDEK and Violet C. Ondek.**

**Appeal of CORPORATE LIFE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1988.

Filed March 20, 1989.

Reargument Denied May 16, 1989.

James C. Sargent, Jr., West Chester, for appellant.
Dominic T. Marrone, West Chester, for appellees.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

The issue in this appeal is whether a life insurance company can maintain an action against former officers and directors of the company under Section 406.1(r) of The Insurance Company Law of 1921, as amended, 40 P.S. § 506.1(r), for losses caused by investments made in violation of the statute. The trial court held that the provisions of section 406.1(r) did not create a separate cause of action and entered summary judgment in favor of the former officers and directors. After careful consideration, we reverse.

Prior to January, 1984, Steve and Violet Ondek, husband and wife, owned a controlling interest in Corporate Investment Company, the parent corporation of Corporate Life Insurance Company. In their capacity as officers and di-

rectors, the Ondeks purchased certain investments on behalf of the life insurance company which, it is alleged, were in violation of Section 406.1(g) of the Act, 40 P.S. § 506.-1(g).[1] In January, 1984, Donald Goebert purchased from the Ondeks a controlling interest in the parent corporation and thereafter became a director of the parent corporation and its subsidiary, Corporate Life Insurance Company. According to the averments of the complaint, Goebert became aware thereafter that the life insurance company had made unauthorized investments. Consequently, it is alleged, he caused almost all of the life insurance company's invest-

1. This subsection of the Insurance Company Law of 1921 provides as follows:

(g) Exclusive of investments in subsidiaries as provided in section four hundred five point one no investment shall be made which would result in total investments in, or in loans upon, any of the following classes of investment of an amount in excess of the percentage of such company's admitted assets on the thirty-first day of December next preceding the date of investment, which is specified in the class.

(1) Stock or shares of any one corporation, other than stock or shares of a corporation incorporated for a purpose stated in subsection (e) or (f) of section four hundred six, all of whose stock or shares, except directors' qualifying shares, was at the time of acquisition owned by such insurance company or by insurance companies authorized to do business in this Commonwealth, two per cent (2%).

(2) Common stock or common shares of corporations, including stock or shares of regulated investment companies, but excluding stock or shares of corporations incorporated for a purpose stated in subsection (e) or (f) of section four hundred six, and excluding stock or shares guaranteed by corporations whose obligations would be eligible for investment under section four hundred four, five percent (5%).

(3) Stock or shares of corporations, incorporated for a purpose stated in subsection (e) or (f) of section four hundred six, and real estate or interests therein, purchased, leased or owned, under authority of such subsections, ten per cent (10%).

(4) Obligations and stock or shares of corporation or business trusts incorporated or existing under the laws of the Dominion of Canada, or any Province thereof, and bonds or evidence of indebtedness issued, assumed or guaranteed by any Province of the Dominion of Canada, or any county, city, town, municipality or political subdivision located in the Dominion of Canada or any Province thereof, five per cent (5%).

Although Subsection g was deleted by amendment on June 11, 1986, the provision thereof remains applicable to the instant action which was commenced prior to the amendment.

ments to be liquidated. In so doing, the insurance company allegedly realized nine hundred thousand ($900,000.00) dollars less than it had paid for the same investments. Goebert then caused the instant action to be filed on behalf of himself, the parent corporation, and the life insurance company to recover from the Ondeks the alleged loss. The trial court dismissed Goebert and the parent corporation as plaintiffs, and the action continued in the name of Corporate Life Insurance Company.

The plaintiff insurance company expressly disavows any claim against the Ondeks under the Business Corporation Law or at common law for breach of the duties owed by an officer or director to his or her corporation. Instead, the insurance company's claim is based solely on an alleged violation of Section 406.1(g) of the Insurance Company Law of 1921, as amended, 40 P.S. § 506.1(g), and the liability for loss imposed by section 406.1(r), 40 P.S. § 506.1(r).

Section 406.1(r) of the Insurance Company Law provides:

If any investment is made in a manner not authorized by this act, the officers, directors and trustees making or authorizing such investment, shall be personally liable for any loss occasioned thereby.

The trial court held that the foregoing subsection was intended to protect policyholders against loss, and was not intended to create shareholders' rights against officers and directors in addition to those which existed at common law and under the Business Corporation Law.

■ This issue has not previously been before an appellate court in this Commonwealth. In construing subsection 406.1(r) of the Insurance Company Law, therefore, we apply the general rule that:

A statute creating a new liability or increasing an existing liability, or even a remedial statute giving a remedy against a person who would not otherwise be liable, must be strictly construed in favor of persons sought to be subjected to their operation. Such statutes will not be so extended as to include liabilities other than those designated or fairly within their terms. However, the rule of

strict construction does not authorize the court to thwart, by a narrow construction, a clear legislative intent to impose a new liability.

82 C.J.S. Statutes § 394.

We are also guided by principles which dictate when and under what circumstances a court may properly enter summary judgment. A summary judgment may properly be granted only if the moving party has shown that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *French v. United Parcel Service,* 377 Pa.Super. 366, 372–73, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984). Summary judgment should not be entered unless a case is clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983); *Dunn v. Teti,* 280 Pa.Super. 399, 402, 421 A.2d 782, 783 (1980).

We can readily agree with the learned trial judge that the primary purpose of the Insurance Company Law of 1921, as amended, was to protect policyholders and the members of the public by protecting and preserving funds needed to pay claims. It does not follow, however, that only policyholders who have sustained a loss because of the inability of an insurance company to pay claims can enforce the personal liability which section 406.1(r) has imposed upon officers and directors for losses caused by unauthorized investments. The language of the statute is clear. Officers and directors making unauthorized investments "shall be personally liable for any loss occasioned thereby." A court should not thwart a clear legislative intent to impose personal liability by construing a statute in an unnecessarily strict manner. This is particularly so where, as here, the statute is intended to be remedial.

Policyholders and members of the public are best protected by vigilant enforcement of the statutory safeguards long before an insurance company's losses are so great that it can no longer pay claims. As the old adage has it, "an ounce of prevention is worth a pound of cure." Thus, if we

are to interpret the statute so as to achieve the legislative purpose, we should hold that the personal liability of officers and directors accrues immediately upon the sustaining of a loss by the company, and not merely when there is a loss to a policyholder because the company no longer has sufficient assets to pay his claim. Moreover, our interpretation of the statute will place liability for losses caused by unauthorized investments where it belongs, namely, upon the officers and directors responsible therefor. These losses should not be recoverable from members of the public by requiring them to pay increased premiums which will enable the insurance company to recoup its losses.

■ We reject the argument that the legislature intended to protect the public by placing enforcement in the hands of the Insurance Commissioner. Our examination of the statute does not disclose a legislative intent to limit enforcement of the personal liability provision in this manner. Although it is correct, as appellees argue, that the insurance industry is closely regulated, it does not follow that actions for losses sustained by insurance companies can be brought only by the Commonwealth or its representatives. The losses for which the statute allows recovery are losses sustained by insurance companies; and the personal liability of officers and directors is to their respective insurance companies. Under these circumstances, it would be illogical to hold that an insurance company could not sue to recover losses caused by officers and directors who indulged in unauthorized investments. Moreover, it is important that unauthorized investments be detected and corrected promptly. The first opportunity to detect such unauthorized conduct lies with the company itself. We perceive nothing in the language of the statute which would require us to hold that a company cannot act to recoup its loss from officers and directors responsible therefor. On the contrary, we hold that the cause of action for losses created by Section 406.1(r) can be enforced by an action brought in the name of the insurance company which has sustained the losses. It follows that the summary judgment entered in the instant case must be reversed.

■ The defendant-appellees argue that the losses sustained by the insurance company were caused by the manner in which Goebert, upon acquiring control, disposed of the company's investments. This may be correct. The issue of causation, however, is an issue for the factfinder upon a trial of the cause. It cannot be determined summarily, at least on the present state of the record, by the entry of summary judgment.

Reversed and remanded for further proceedings. Jurisdiction is not retained.