598 A.2d 63

**SOUTHWEST GERMANTOWN COMMUNITY DEVELOPMENT CORPORATION**

v.

**CONCERNED NEIGHBORS OF GERMANTOWN and Neighborhood Activities House Association, a/k/a NAHA, Appellants.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1991.

Filed Oct. 31, 1991.

Robert S. Robbins, Philadelphia, for appellants.

Henry I. Langsam, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

This is an appeal from an Order dated September 17, 1990 and docketed December 21, 1990 granting appellee's, Southwest Germantown Community Development Corporation, motion for summary judgment on the pleadings and entitling appellee to recover from appellants, Concerned Neighbors of Germantown and Neighborhood Activities House Association, the possession of certain real estate.

Appellee, a non-profit corporation, owns property located at 101 West Logan Street, Philadelphia, Pennsylvania. In January, 1979, appellee leased the property to appellants on a rent-free, month-to-month basis. Although there was no writing signifying this transaction, appellants occupied, maintained and made improvements to the property during their time in possession. On June 10, 1988, appellee hand-delivered written notice to appellants to vacate the premises within thirty days. Upon appellants' failure to do so, appellee filed a landlord and tenant complaint in Municipal Court. On September 19, 1989, the matter was arbitrated and a finding for appellee for possession was entered. On appeal, the trial court granted appellee's motion for summary judgment. Thereafter, appellants filed a motion for reconsideration. Upon reconsideration, by Order dated December 18, 1990, the trial court reinstated its September 17, 1990 Order for two reasons. First, appellants only defense to appellee's claim of possession, that a letter from appellee to a third party evidences an intended agreement to transfer title to appellants, was not raised properly in the pleadings and was, therefore, waived. Second, even if the court entertained their defense, appellants failed to establish a basis for a binding agreement that would have transferred the property.

Appellants now argue, based on fairness considerations, they should have been permitted to amend the pleadings in order to properly raise the defenses of an intended sales agreement between the parties, detrimental reliance and equitable estoppel, all of which allegedly have merit.

On review, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek*, 384 Pa.Super. 100, 557 A.2d 1064 (1989). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance*, 380 Pa.Super. 167, 551 A.2d 283 (1988). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 549 A.2d 1311 (1988).

Appellants contend they should be allowed to amend the pleadings on remand in order to preserve certain defenses. Specifically, appellants allege the parties intended sales agreement is evidenced by a June 19, 1978 letter from appellee to the Philadelphia Department of Licenses and Inspections which states in pertinent part:

On May 19, 1978, the [appellee] secured title to the property with intent to transfer title to [appellants] upon completion of necessary renovation.

Pennsylvania Rule of Civil Procedure 1032, Waiver of defenses, Exceptions, states defenses (but for exceptions inapplicable here) are waived if the parties do not raise them by answer with new matter, preliminary objections, or reply. Appellants' answer to the complaint contains no new matter or affirmative defense. Therefore, the trial court did not err in stating appellants waived the defense of an intended sales agreement. Although we agree with appellants, Pa.R.C.P. 1033, Amendment, allows the court to permit parties to amend pleadings, here we will not remand the case to allow appellants to amend their pleadings because the trial court did not abuse its discretion in holding appellants did not provide a valid defense to the complaint.

 A contract for the sale of land must be in such form which properly expresses the intention of the parties and must be definite and certain as to all essential terms. *Kelly v. Rhodes*, 279 Pa.Super. 477, 421 A.2d 299 (1980).

Examining the letter in a light most favorable to appellants, we find it fails to evidence a binding sales agreement. Since the letter is not addressed to appellants, no meeting of the minds can be inferred. Also, the letter does not contain any terms such as price or settlement date and it is conditioned upon the completion of necessary renovations. Thus, appellants' defense fails because the minimum requirements for the sale of real estate are absent.

■ Appellants next contend since they made improvements and maintained the property, and because they enjoyed undisturbed possession of the property for ten years, and because they justifiably relied upon the belief the appellee would some day give them legal title to the property, principles of fairness require appellee should be estopped from taking possession of the property. In *Straup v. The Times Herald,* 283 Pa.Super. 58, 423 A.2d 713 (1980), the court specified the situations to which equitable estoppel applies:

> "Normally, equitable estoppel referred to a situation in which a party made a false representation to, or knowingly concealed material facts from, another party with the intention that the innocent party should act upon the false representation or concealment. [However, courts often held the doctrine of equitable estoppel to apply even where no false representation or concealment of material facts existed.] The promise was enforceable because the promisee had altered [his] position to [his] detriment in the reasonable belief that the promise would be performed...." *Murray on Contracts,* pp. 90–91 (Rev.Ed. 1974).

*Id.,* 283 Pa.Superior Ct. at 69–70, 423 A.2d at 719. Here, appellee neither made false representations nor ever promised appellants the property would some day become their own. Even if appellants unreasonably relied upon appellee's inaction or silence, we fail to see how appellants were prejudiced. They did maintain and make improvements to the property. But since they were in rent-free possession for ten years, it appears appellants actually benefited from the improvements and daily maintenance of the property.

Thus, none of the elements of equitable estoppel are present and appellants' defense must fail.

Finally, appellee claims it is entitled to costs and reasonable attorney fees pursuant to 42 Pa.C.S. § 8355. Section 8355 having been suspended by Rule 1451 of the Pennsylvania Rules of Civil Procedure, effective May 11, 1990, we deny appellee's request.

In light of the foregoing discussion, we affirm the trial court's grant of summary judgment.[1]

Order affirmed.

1. Appellee points out appellants' brief fails to comply with the Pennsylvania Rules of Appellate Procedure in many ways. For example, there is no showing of appellate jurisdiction and no Order from the court below. Pa.R.A.P. 2111(a), 2114, 2115. While we certainly do not condone this noncompliance with the rules, in the interest of judicial economy, we chose to address the issues presented by appellant and decide the case on the merits.