600 A.2d 616

Helen NOVAK, Guardian of the Person and Guardian of the Estate of Steven E. Novak, Jr., an Alleged Incompetent, Appellant,

v.

JEANNETTE DISTRICT MEMORIAL HOSPITAL, Norwin Convenient Care Center, Prack and Cerasini, Architects, Inc., Commonwealth of Pennsylvania, Department of Transportation, Highway Division, Raymond J. Switalski and Shirleyann Granata, Appellees,

v.

DILL CONSTRUCTION COMPANY, INC., Appellee.

Superior Court of Pennsylvania.

Argued Aug. 20, 1991.

Filed Dec. 24, 1991.

604

James Gillespie, Pittsburgh, for appellant.

G. Jay Habas, Pittsburgh, for appellee Jeannette Dist. Memorial Hosp.

W. Arch Irvin, Jr., Pittsburgh, for appellees Prack & Cerasini.

Paul W. Roman, Jr., Pittsburgh, for appellee Dill Const.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

On May 12, 1987, at or about 6:00 p.m., Shirleyann Granata was attempting to enter Route 30, a four lane highway in Westmoreland County, from the driveway of Norwin Convenient Care Center. After looking in both directions, she began to pull out, only to observe a motorcycle approaching rapidly from her left. When she again stopped, the motorcycle, which was being operated by Steven E. Novak, Jr., swerved into the inner lane for opposing traffic and collided with an oncoming vehicle being driven

by Raymond Switalski. Novak was seriously injured in the accident, and his guardian commenced an action to recover for those injuries.

In addition to the operators of the several vehicles, the guardian named as defendants the Norwin Convenient Care Center; the care center's parent corporation, Jeannette District Memorial Hospital; Prack and Cerasini, Architects, Inc.; and Dill Construction Company, Inc. These defendants were named as parties because of the following circumstances. In 1983, the care center went into business on land which previously had been a fast food restaurant. In 1986, various improvements were made. One of these improvements entailed the closing of a driveway situated on the western part of the property. This left only a single driveway, located in the central part of the tract, for vehicles entering and leaving the care center. Prack and Cerasini were the architects who had designed and Dill Construction Company was the contractor who had made the improvements. The appellant guardian contends that the westernmost driveway was a safer exit, and that its closing created a hazardous condition because of vehicles exiting on the central driveway. The central driveway, however, was not altered in any manner by the design or construction of the improved care center. The trial court held that the closing of the westernmost driveway was not a proximate cause of Novak's injuries and entered summary judgments in favor of the hospital, the care center, the architect and the contractor. Novak's guardian appealed. We affirm.

A summary judgment may properly be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Persik v. Nationwide Mutual Insurance Co.*, 382 Pa.Super. 29, 31, 554 A.2d 930, 931 (1989), *allocatur denied*, 522 Pa. 613, 563 A.2d 499 (1989); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super.

135, 140, 476 A.2d 928, 930 (1984). Summary judgment should not be entered unless a case is clear and free from doubt. *Curran v. Philadelphia Newspapers, Inc.*, 497 Pa. 163, 439 A.2d 652 (1981); *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Persik v. Nationwide Mutual Insurance Co., supra,* citing *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983) and *Dunn v. Teti*, 280 Pa.Super. 399, 402, 421 A.2d 782, 783 (1980).

▮ In general, causation is an issue of fact for the fact finder. However, we are not here concerned with causation in fact. We are here concerned with an issue of proximate cause. This is essentially an issue of law, i.e., whether the defendant's negligence, if any, was so remote that, as a matter of law, he cannot be held legally responsible for harm which subsequently occurred. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 74, 305 A.2d 40, 43 (1973), quoting W. Prosser, Law of Torts § 49, at 282 (1964). See also: Prosser and Keeton, The Law of Torts (fifth edition) § 42, at 273 (1984). A determination of legal causation "depends on whether the conduct has been so significant and important a cause that the defendants should be legally responsible.... [T]hey depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred." Prosser and Keeton on Torts, *supra.*

▮ In the instant case, the improving of the care center, including the vacating of a second, westernmost driveway, was entirely too remote to permit liability for the plaintiff-appellant's injuries to be premised thereon. To believe that the accident in this case would have been avoided by a second driveway, even if the visibility from such driveway would have been superior, is to subsume probability in speculation. The manner in which the operators of the moving vehicles conducted themselves, rather than geography, was the effective and superseding cause of Novak's injuries. The combination of events leading to the accident was an entirely unforeseeable consequence of an earlier

decision to remove a second driveway from the western side of the care center's property. This is particularly so here, where all witnesses were agreed that the operators, Granata, Novak and Switalski, had unobstructed views of the highway prior to the accident.[1]

Appellant argues that an issue of fact was created by information contained in a report prepared by her expert and submitted to the trial court after argument of the motions for summary judgment. A copy of this report is not among the documents forwarded to this Court for review; and, therefore, we do not consider it. Moreover, in view of our decision, which is based on legal or proximate cause rather than causation in fact, the report by appellant's expert can have no effect.

The summary judgments entered in favor of Jeannette District Memorial Hospital, Norwin Convenient Care Center, Prack and Cerasini, Architects, Inc., and Dill Construction Co., Inc. are

Affirmed.

---

1. Appellant argues that a permit from PennDOT was necessary to close the second driveway, but PennDOT's answers to interrogatories state that no such permit was necessary. It is of no consequence to our decision whether or not a permit from PennDOT was necessary to close the second driveway.