613 A.2d 1250

Stella GOLDBERG, Administratrix of the Estate of Jeanne Goldberg, Deceased, and Stella Goldberg, in Her Own Right, Appellant,

v.

DELTA TAU DELTA, an Unincorporated Association and National Fraternity, Delta Tau Delta, Delta Beta Chapter, an Unincorporated Association, Carnegie Mellon University and Darrell J. Van Mastrigt

v.

Brian GOLDBERG.

Superior Court of Pennsylvania.

Argued Nov. 19, 1991.

Filed March 24, 1992.

208

Beck, J., dissented in part and concurred in part and filed opinion.

Robert A. Cohen, Pittsburgh, for appellant.

John A. Robb, Jr., Pittsburgh, for Goldberg, appellee.

Before BECK, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Stella Goldberg takes this appeal from the April 22, 1991 Order[1] granting appellee, Brian Goldberg's,[2] motion for summary judgment. Appellant originally brought this civil suit for damages in October, 1988, against Delta Tau Delta, the Beta Chapter of Delta Tau Delta, Carnegie Mellon University (CMU) and Darrell J. Van Mastrigt as a consequence of the February 8, 1987 death of her daughter, Jeanne Goldberg, at the hands of Van Mastrigt.[3] In June, 1989, Brian Goldberg was joined as an additional defendant in this matter by defendant Delta Tau Delta who averred Brian provided Jeanne with the alcohol and marijuana which rendered her incapable of protecting or caring for herself at the time of her

1. Although on praecipe judgment was entered for appellee on May 1, 1991, the April 22, 1991 Order granting summary judgment is the final Order from which this appeal is properly taken.

2. Brian Goldberg is not related to Stella Goldberg or Jeanne Goldberg.

3. None of the original defendants is party to this appeal. Delta Tau Delta, the Delta Beta Chapter of Delta Tau Delta and Carnegie Mellon University settled with appellant in return for joint tortfeasor releases. Darrell J. Van Mastrigt was convicted of first degree murder and is serving life imprisonment.

fatal injuries. Delta argued Brian's actions were a direct and proximate cause of Jeanne's death. Appellee's initial motion for summary judgment was denied on September 17, 1990. However, appellee was granted leave to refile his motion which, in turn, was granted April 22, 1991. This appeal followed.

This case arises from events which occurred at CMU during the weekend of February 6–8, 1987, culminating in the death of 20–year old Jeanne Goldberg. At this time appellee was an 18–year old freshman at CMU and the decedent, who came to CMU on Friday, February 6th, to attend a fraternity party, was a student at Robert Morris College. In the early morning hours of Saturday, February 7th, Brian Goldberg met the decedent at a Theta Xi fraternity party and shortly thereafter the couple retired to Brian's room where they had consensual sexual intercourse and fell asleep. Brian and Jeanne spent Saturday together and that evening, at approximately 8:00 p.m., they went to a party held in Brian's dormitory where beer and mixed drinks were available. Brian had previously paid $5 to attend the party. Brian and Jeanne stayed two hours, left to attend a movie and thereafter went to CMU's Tartan Grill where they met Van Mastrigt, a passing acquaintance of Brian. The three returned to the dorm party at midnight, each had one drink and then went to Brian's room where they each took five tokes on marijuana presented in a bowl and provided by Van Mastrigt. Brian defined a toke as one inhale and one exhale (N.T., 7/2/90, p. 66). At about 3:00 a.m., the trio got in Jeanne's car and she drove them to another fraternity party where Brian had two beers and Jeanne and Van Mastrigt each had one-half of a beer. While at this particular party, Van Mastrigt and Jeanne conversed while Brian stood alone. At 4:00 a.m., Brian, Jeanne and Van Mastrigt joined a small party of 12 in an upstairs room where the decedent and Van Mastrigt consumed the bulk of a fifth of Southern Comfort whiskey. Van Mastrigt obtained the whiskey by trading marijuana with another person at the party. Everyone present also took two tokes of marijuana which was once again provided by Van Mastrigt. Brian, Jeanne and Van

Mastrigt left this party at about 5:30 a.m. Because Jeanne was having difficulty walking due to the drugs and alcohol she had consumed, Brian and Van Mastrigt placed her in the back seat of her vehicle and Van Mastrigt drove them to a nearby hot dog shop. While Brian went in to get french fries, Van Mastrigt stayed in the car with Jeanne. When Brian returned, and as Jeanne slept, the two men discussed the fact Jeanne and Brian were not committed to each other and Brian would not object if she and Van Mastrigt had sex. It was Brian's testimony Van Mastrigt told him Jeanne had repeatedly voiced sexual invitations to Van Mastrigt while Brian was in the restaurant. Van Mastrigt then dropped Brian at his dormitory and drove away with Jeanne. The record reveals Van Mastrigt took Jeanne to South Park where he stabbed her to death.

Appellant argues the court committed an error of law by granting appellee's motion for summary judgment and ruling, because he had not yet reached age 21, appellee could not be found negligent per se for providing alcohol and marijuana to another minor, herein the decedent. Appellant contends the court also erred by finding appellee's actions were not a substantial factor in causing Jeanne's death.

As an appellate court, we are bound to consider certain principles when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek*, 384 Pa.Super. 100, 557 A.2d 1064 (1989). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance Co.*, 380 Pa.Super. 167, 551 A.2d 283 (1988). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the court's conclusion no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035; *see Penn Center House Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989). The court must ignore controverted facts contained in the pleadings and restrict its review

to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings which are uncontroverted. *Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970 (1989). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988).

■ Appellant argues the holding in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), which imposed social host liability on adults who furnish alcohol to persons under the age of 21, should be extended to impose liability on persons between 18 and 21 years of age who provide liquor to persons between 18 and 21 years of age. Appellant argues two Third Circuit Court of Appeals cases suggest, if given the opportunity to address the issue, the Pennsylvania Supreme Court would hold an individual over the age of 18 can be criminally and civilly liable for the service of alcoholic beverages to those under 21 years of age. *See Macleary v. Hines,* 817 F.2d 1081 (3rd Cir., 1987), and *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3rd Cir., 1986). However, in a companion decision to this appeal, this Court affirmed an Allegheny County Court of Common Pleas decision wherein it was found, for the purposes imposing social host liability a person remains a minor until he reaches age 21. *Kapres v. Heller,* 417 Pa.Super. 371, 612 A.2d 987 (originally filed on 3/24/92 and refiled on 6/2/92). Therefore, a minor cannot, as a matter of law, be held liable as a social host for furnishing alcoholic beverages to another minor. Accordingly, we find the trial court committed neither an error of law nor abused its discretion by granting Brian Goldberg's motion for summary judgment.

Although we find appellant's arguments persuasive, this Court is not prepared to extend social host liability to persons under the age of 21. The *Congini* case, which is the seminal case in Pennsylvania establishing a cause of action by a minor against an adult social host, specifically limited social host liability to one who is lawfully entitled to possess and consume alcohol and furnishes it to one who is not so entitled. Appel-

lant's argument that minor Brian Goldberg should be construed as an adult pursuant to Pa.R.C.P. 76, and, therefore, liable for damages incurred by the minor decedent as a result of drugs and alcohol allegedly provided by appellee, was thoroughly analyzed by the trial court and we defer to its well reasoned explanation refuting appellant's argument.

"At the time of the incident, Jeanne Goldberg, Brian Goldberg, and Darrell J. Van Mastrigt were older than eighteen and less than twenty-one. The issues raised by additional defendant's motion for summary judgment are (1) whether a person between the ages of eighteen and twenty-one who furnishes alcohol to another person between the same ages can be liable as a social host and (2) whether one adult who assists a second adult in illegality procuring marijuana can be liable for injuries that the second adult sustains as a result of the use of the marijuana.

"In the case of *Kapres v. Heller* No. G.D. 88–4899, The Honorable David S. Cercone of this Court [Common Pleas Court of Allegheny County] rendered an opinion on November 30, 1990, which held that a nineteen year [old] who served alcoholic beverages to another nineteen year old cannot be held liable. Absent compelling circumstances, I am required to follow this opinion. *Yadacufski v. Dept. of Transportation*, [499 Pa. 605] 454 A.2d 923 (Pa.1982).

"I believe that this opinion is a correct reading of Pennsylvania law. I also believe that the rationale for the result in *Kapres v. Heller* bars a claim by one adult against another adult for injuries resulting from the first adult's use of marijuana that was obtained with the assistance of the second adult.

"Under Pennsylvania law, there is no liability on the part of a social host for serving alcohol to adult guests. *Herr v. Booten*, [398 Pa.Super. 166] 580 A.2d 1115 (Pa.Super.1990); *Klein v. Raysinger*, [504 Pa. 141] 470 A.2d 507 (Pa.1983). However, in the case of *Congini by Congini v. Portersville Valve Co.*, [504 Pa. 157] 470 A.2d 515 (Pa.1983), the Pennsylvania Supreme Court held that an adult who served alcohol to a visibly intoxicated eighteen year old was liable because

of the provisions of the Criminal Code making it a summary offense for someone under twenty-one years of age to purchase, consume, and possess alcohol (18 Pa.C.S. § 6308) and making a person guilty of an offense if that person is an accomplice of another person in the commission of the offense (18 Pa.C.S. § 306).

"The Court's opinion specifically limited the imposition of liability to the circumstances in which a person lawfully entitled to possess alcohol furnishes the alcohol to a person who is not entitled to possess alcohol. The *Congini* opinion states that 'an *adult* who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor' (emphasis added) ( [527 A.2d at] p. 517). Also see the opinion of Justice McDermott writing for the Court in *Matthews v. Konieczny,* [515 Pa. 106] 527 A.2d 508 (Pa.1987), which states that '[t]he *Congini* decision was ground upon the *per se* negligence involved in an *adult* dispensing alcohol to a minor in violation of the Crimes Code' (emphasis added) ( [527 A.2d at] p. 511) and the dissenting opinion of Chief Justice Nix which states that

" 'In *Congini* the basis of the duty of the social host to the minor was, as stated above, predicated on sections 306 and 6308 of the Crimes Code. Read together these sections prohibit an *adult* from furnishing liquor to a minor and make both the host and the minor criminally culpable.' (emphasis added) ( [527 A.2d at] p. 518)

"The term 'adult' as used by the Supreme Court in *Congini* means an adult within the meaning of the liquor laws.* See *Kapres v. Heller, supra.* Also the 'minor' to whom the 'adult' served liquor in *Congini* was eighteen years of age.

"The Supreme Court's use of the term 'adult' who furnishes liquor to a minor rather than 'person' who furnishes liquor to a minor establishes that the Court imposed liability because of the responsibility that one who is lawfully entitled to possess alcohol owes to persons who are not entitled to possess alcohol. The argument that the plaintiff raises would mean that under *Congini* whenever one of several

joint participants in a criminal activity sustained damages as a result of the activity, liability would be imposed against the other participants. It would create a cause of action where two adults are involved in obtaining marijuana and one of the two sustains damages from its use. By using the term 'adult' in *Congini*, it appears that the Supreme Court did not intend to utilize the criminal laws in this fashion."

---

Any person over the age of fourteen is both presumptively capable of negligence (*Kuhns v. Brugger*, [390 Pa. 331] 135 A.2d 395 (Pa.1957)) and responsible for conduct that constitutes criminal activity. Consequently, *Congini* either extends to any person over the age of fourteen (because they are presumed capable of negligence) or is limited to persons over the age of twenty-one (because they have greater responsibilities under the liquor laws).

(Slip Op., Wettick, J., 4/22/91, pp. 30–33.)

Based on the trial court's well reasoned Opinion and the particular facts of this case, we agree with the trial court's finding appellee was entitled to judgment as a matter of law.

Having found minor Brian Goldberg cannot be held liable as a social host, our discussion of the extent his participation in providing Jeanne with drugs and alcohol will be brief and is done solely in the interest of judicial economy.

In the case of *Jefferis v. Commonwealth*, 371 Pa.Super. 12, 537 A.2d 355 (1988), this Court listed various factors which would be taken into consideration when determining whether social host liability should apply. This Court articulated the following test for social host liability, based on the Restatement (Second) of Torts Section 876:

1) The defendant must have intended to act in such a way so as to furnish, agree to furnish or promote the furnishing of alcohol to the minor;

2) The defendant must have acted in a way which did furnish, agree to furnish or promote the furnishing of alcohol to a minor; and,

3) The defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor.

*Jefferis supra,* 371 Pa.Superior Ct. at 17, 537 A.2d at 358. The *Jefferis* Court also noted the "mere presence at the scene of the crime will not establish accomplice liability." *Id.* The trial court found Brian's involvement in obtaining and furnishing marijuana and alcohol to Jeanne was limited and not a substantial factor causing her death. We agree. Although Brian testified he paid $5 to attend the dormitory party to which Jeanne accompanied him on the night of February 7, 1987, his payment was for his own admission and was paid before he met Jeanne. Furthermore, Brian did not purchase the alcohol, plan the party or assist in serving the beverages provided. The marijuana the three shared in Brian's room was provided by Van Mastrigt. Later that night at the Delta fraternity house, Brian handed Jeanne and Van Mastrigt each one cup of beer he had obtained from the fraternity bar. When the party moved to an upstairs room, it was Van Mastrigt who secured the Southern Comfort as well as the marijuana consumed by Jeanne.

If activities such as those described above are deemed to create a duty to protect on the part of Brian toward Jeanne, then we would indeed be opening a Pandora's Box of potential liability. We cannot believe the legislature's intent or the decisions promulgated in *Congini, Fassett, Macleary* or any of the other cases addressing social host liability was to proscribe attending parties with friends or passing alcoholic beverages to someone at a party. The record supports a finding minor Brian Goldberg's participation in furnishing alcohol and/or drugs to the minor decedent was *de minimis* and not a substantial factor contributing to Jeanne's untimely demise.

Based on the forgoing reasons of law and fact, we affirm the April 22, 1991 Order granting appellee's motion for summary judgment.

Order affirmed.

BECK, J., files a dissenting and concurring statement.

BECK, Judge, dissenting and concurring.

The majority relies on the reasoning and holding of companion case, *Kapres v. Heller,* 417 Pa.Super. 371, 612 A.2d 987

(originally filed on 3–24–92 and refiled on 6–2–92) to conclude that a person under twenty-one years of age cannot be liable as a social host for furnishing alcoholic beverages to a minor. For the reasons set forth in my dissent in *Kapres,* I disagree with this conclusion and dissent to the portion of the majority's opinion which so holds. However, because I agree with the majority that appellee Brian Goldberg's involvement could not rise to the level of substantiality required for imposition of liability in a social host situation, I concur in the result.[1]

In order for civil liability to attach to one who furnishes a minor with alcohol, the alleged tortfeasor must have intentionally rendered substantial assistance to the minor appellant in his or her consumption of alcohol. *Jefferis v. Commonwealth,* 371 Pa.Super. 12, 17–21, 537 A.2d 355, 358–359 (1988). I agree with the majority that appellee Goldberg's accompanying appellant to a party at which alcohol was served, handing her a glass of beer which was poured by another host and attending another gathering at which appellant imbibed additional intoxicants does not amount to substantial assistance in her consumption of intoxicants. As such, I conclude that the trial court correctly granted summary judgment for Brian Goldberg on this reason alone.

---

1. However, I must note that I disagree with the majority's characterization of the issue. In my view the question is not whether "Brian's involvement in obtaining and furnishing marijuana and alcohol to Jeanne ... [could be considered] a substantial factor in causing her death." Instead the issue is whether appellee Brian Goldberg could be found to have been a substantial factor in the furnishing or promoting of Jeanne Goldberg's consumption of alcohol. The question of whether Jeanne Goldberg's death was, in turn, proximately caused by her consumption of alcohol is a separate issue. *See, e.g., Congini v. Portersville Valve Co.,* 504 Pa. 157, 163, 470 A.2d 515, 518 n. 4 (1983).