**Donald R. Ohrum General Construction
v. Bumbarger**

*Michael L. Heikes,* for plaintiff.
*Gregory R. Reed,* for defendants.

DOWLING, *J.,* August 27, 1992—
"Then shall our names,
"Familiar in their mouths as household words ...
"Be in their flowing cups freshly remember'd."
"Henry V," Act IV, Scene 3.

This controversy finds its roots in the interpretation of the name, "Donald R. Ohrum General Construction." Defendants Sharon C. Bumbarger and Linda L. Lehman aver in their preliminary objection to plaintiff's complaint that plaintiff has no standing to maintain his suit, contending that the plaintiff is not a corporation or an individual or partnership registered under the "Fictitious Names Act" and is therefore precluded from bringing this action.

The case arises from a contract executed on August 2, 1991, by the defendants and the plaintiff for the construction of a home. The agreement, on letterhead entitled "Donald R. Ohrum General Construction" identified Donald R. Ohrum as the contractor and was signed by Kris E. Ohrum, employee of Donald R. Ohrum, who was authorized to enter into contracts on behalf of Donald R. Ohrum. The plaintiff started construction and performed work and provided materials up to February 3, 1992. On February 18, 1992, defendants advised plaintiff that he was being terminated as general contractor. Plaintiff initiated a law suit to recover the remaining balance on the contract, $9,092.

In support of their preliminary objections, defendants correctly argue that under Pennsylvania law, in order to maintain a suit, the plaintiff, whether a natural or artificial person, must be an entity which the law recognizes. *Philadelphia Facilities Management Corp. v. Biester,* 60 Pa. Commw. 366, 431 A.2d 1123 (1981). Defendants assert that the plaintiff has no standing to sue because the parties associated with "Donald R. Ohrum, General Construction"—Donald, Kris and William Ohrum—held themselves out to defendants as a partnership; and being such, the name, "Donald R. Ohrum, General Construction" con-

stitutes a fictitious or assumed name. They cite 54 Pa.C.S. §302, "[t]he term 'fictitious name' also includes the name of any association, general partnership ... or similar combination or groups of persons.'" Section 331 of the Act provides that if a party is operating under a fictitious name, that party is required to register the name with the Commonwealth in order to be permitted to maintain any action in any tribunal of the Commonwealth. Defendants conclude that the plaintiff is not a recognized legal entity as long as it remains unregistered under the Pennsylvania Fictitious Names Act.

The Act defines "fictitious name" as "[a]ny assumed or fictitious name, style or designation other than the proper name of the entity using such name." 54 Pa.C.S. §302. Donald R. Ohrum is the proper name of the individual who owns and operates Donald R. Ohrum General Construction. Defendants state in their brief that Donald R. Ohrum, William Ohrum and Kris E. Ohrum have always done business with defendants as a partnership, but fail to clothe their bare contention with any legal raiments.

The statute clearly supports plaintiff's argument; the cases, likewise, are also definitive. In *The Godfrey Agency v. Pleuger Submersible Pumps,* 55 Lancaster L. Rev. 295 (1957), the Lancaster County Court of Common Pleas held that the name "The Godfrey Agency" did not require registration as it sufficiently identified the owner of the business. Similarly, in *Bower v. Marcelli,* 3 D.&C.3d 787 (1975), the Court of Common Pleas for Columbia County held that a husband and wife who were using the name "Bower's Home Improvements" did not need to register that name because it satisfactorily identified the owners of the business.

The purpose of the Fictitious Names Act is to establish the identity of the persons owning the business for the information of those who have dealings with it. *Id.* at

42, n.2. Registration of a name may have been useful to Cervantes' character in "Don Quixote" who exclaimed, "My memory is so bad that many times I forget my own name!"

Plaintiff asks that this court award costs and attorney's fees to him in opposing defendants' preliminary objections because of the patently frivolous and meritless nature of the objection. He relies on 42 Pa.C.S. §8355. Section 8355 was suspended by Rule 1451 of the Pennsylvania Rules of Civil Procedure effective May 11, 1990, and suspended absolutely by Rule 1023(c) of the Pa.R.C.P., effective July 1, 1991. (See *Estate of Pew,* 409 Pa. Super. 417, 598 A.2d 63 (1991) (denying request for costs and attorney fees based on the suspension of §8355 by Rule 1451)).

Accordingly, we enter the following

### ORDER

And now, August 27, 1992, defendants' preliminary objections are dismissed.