## Williams v. Kopp

*Dale E. Anstine,* for plaintiff.
*Robert J. Stewart,* for defendant Bradley Lee Kopp.
*J. Michael Flanagan,* for defendants Burnell Kopp and Crystal Kopp.
*James G. Nealon, III,* for defendant Allstate Insurance Co.

HORN, *J.,* September 30, 1993—This matter comes before the court on motion for summary judgment. Defendants, Burnell and Crystal Kopp, argue that summary judgment is proper because plaintiff cannot establish the element of proximate cause.

Summary judgment shall be granted if the record, including pleadings and depositions, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. Rule 1035(b), 42 Pa.C.S. §1035(b). Upon motion for summary judgment, the court must review the record in the light most favorable to the non-moving party, accepting all of the non-moving party's well-pleaded allegations as true and resolving any doubts as to the existence of a genuine issue of fact against the moving party. See

*Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989); *Goldberg v. Delta Tau Delta,* 418 Pa. Super. 207, 211, 613 A.2d 1250, 1252 (1992).

Applying those principles, the record indicates that on May 15, 1988 defendant, Bradley Kopp, led local police from West Manchester Township, Springettsbury Township, and York City in a car chase after Officer William Smith signaled for Bradley Kopp to stop the car. The police followed Bradley Kopp to 1319 Ridgewood Road, York, Pennsylvania where he resided with his parents. There, Bradley Kopp confronted police with a handgun. Plaintiff, a Springettsbury Township police officer, was among the officers crouched behind police cars for cover. Shortly after plaintiff arrived, Bradley Kopp discharged his gun two or three times in the direction of the police, wounding plaintiff. (Motion for summary judgment, exhibit A, pp. 59 and 63.)

Plaintiff filed a complaint on April 3, 1990 and an amended complaint on October 19, 1990. Counts II and III allege negligence against Burnell and Crystal Kopp, respectively. Plaintiff's complaint avers Burnell and Crystal Kopp stood near their son after he and the police arrived and ignored police orders to leave the area. Plaintff alleges the following acts of negligence: failing to obey police officers in an emergency situation; exacerbating the situation; disregarding the rights and safety of another; endangering the life of another; failing to provide a safe atmosphere for persons lawfully on the premises; failing to heed the warnings of police; failing to properly supervise the conduct of another while on his property causing an unreasonable risk of harm; and aiding and acting in concert with the other defendants against the police. (Complaint, pp. 5-7.)

In a separate action, Allstate Insurance Company commenced a declaratory judgment action to determine its rights and responsibilities to the Kopps under the terms of a homeowner's policy. Allstate seeks a declaration that coverage is excluded for liability arising out of the Kopp's conduct on May 15, 1988.

Burnell and Crystal Kopp filed an answer to the amended complaint on November 14, 1991. The instant motion for summary judgment was filed on May 4, 1993.

The parties have deposed several witnesses to the events of May 15, 1988, portions of which have been entered in the record for the purposes of this motion. Burnell and Crystal Kopp argue that the testimony does not establish sufficient facts to show that their actions were the proximate cause of plaintiff's injuries.

The proximate or legal cause is the wrongful or negligent act which was a substantial factor in producing plaintiff's injury. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 174, 606 A.2d 916, 923 (1992), citing Restatement (Second) of Torts, §431 (1965). "The determination of the issue simply involves the making of a judgment as to whether the defendant's conduct although a cause in the 'but for' sense is so insignificant that no ordinary mind would think of it as a cause for which a defendant should be held responsible." *Ford v. Jeffries,* 474 Pa. 588, 594-95, 379 A.2d 111, 114 (1977).

Whether defendant's conduct was a substantial factor is an issue reserved for the jury, unless the jury could not reasonably disagree as to the result. *Id.,* citing Restatement (Second) Torts, §434(1)(a)(1981). Thus, a court may decide a question of proximate cause as a matter of law and policy where the defendant's conduct is so far removed from the injury complained of that

the just and proper resolution is not subject to dispute. See *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987); *Novak v. Jeannette District Memorial Hospital,* 410 Pa. Super. 603, 600 A.2d 616 (1991); *Bell v. Irace,* 422 Pa. Super. 298, 619 A.2d 365 (1993).

The following considerations are important in determining whether defendant's conduct was a substantial factor:

"(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

"(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

"(c) lapse of time.

*Wisniewski v. Great Atlantic and Pacific Tea Co.,* 226 Pa. Super. 574, 323 A.2d 744, 748 (1974) (citing Restatement (Second) of Torts, §433 (1965).

With these principles in mind, we note the following testimony:

To plaintiff:

"Q. The time you were there, did you ever see Burnell Kopp with a weapon?

"A. No.

"Q. Did you ever see Crystal Kopp with a weapon?

"A. No I did not.

"Q. Did either Burnell or Crystal Kopp encourage Bradley Kopp to shoot his weapon at any police officer?

"A. I wouldn't say encouraged it, no. I didn't hear him say shoot anybody....

"Q. Did you hear Burnell Kopp say anything other than get the fuck off my property, get out of here?...

"A. I do not know. There was so much commotion that I remember that. But what else took place, I don't recall.

"Q. Tell me what, if anything, you remember about Burnell Kopp there.

"A. He was in front of the son.

"Q. When you say in front of the son, standing in front of his son?

"A. To the side, in front of him, waving his arms, hollering....

"Q. So Burnell was between his son and the police cruisers?

"A. He would have been a little bit to the right of Bradley, a little bit to his right. Not per se directly in front of him....

"A. He would have been facing Bradley....

"Q. Where was Crystal Kopp?

"A. She was over to the right side, if I remember, directly in front of Bradley....

"Q. ...Am I correct that Bradley was the only one who had a weapon?

"A. Yes, he was.

"Q. Do you recall him pointing that anywhere or in any direction?

"A. Yes....

"A. He was pointing the weapon in the general direction of us when I arrived there....

"Q. How long after you got behind the cruiser were those shots fired?

"A. Oh, my, maybe a minute, minute and a half, roughly.

"Q. Who fired the shots?

"A. Bradley Kopp....

"Q. Burnell was standing between Bradley and the cruiser when Bradley was shooting?

"A. That's correct. He was waving his arms up and down." (Motion, exhibit A, pp. 43-60.)

To Officer Eshbach:

"Q. With the defendant in front of the police car, and you looked up and you saw the defendant and his father together arguing, didn't you?

"A. Not initially. Initially he was by himself.

"Q. Was he firing his pistol while he was there by himself?

"A. Yes, shots were fired at that time....

"Q. And then later he and his father had this altercation, is that correct?

"A. Yes, sir. My recollection is that was after Officer Williams had been hit by the round.

"Q. Okay, so his father wasn't standing in front of him when he fired the shots in the direction of your police vehicle?

"A. No, sir, he was not....

"A. Yes, sir, he was. The only thing that was between he and myself and Officer Williams was the police car when he fired....

"A. Right after he fired at us the parents got into the activity, as I stated before, sir." (Motion, exhibit D, pp. 70-75.)

To Sergeant Barry Bailets:

"Q. And his father was at some point in between him and the police car?

"A. Yes, therefore was (sic) it was a struggle, constant struggle. Father was trying to get him into the

house and settle him down. At the same time, the father was yelling at us to get out of the yard, to leave, and just a constant struggle." (Motion, exhibit E. p. 86.)

We conclude from the testimony presented that Burnell and Crystal Kopps' actions were not a substantial factor in bringing about plaintiff's injuries. The testimony reveals that Bradley Kopp was firing his gun before his parents joined their son and by one account, Mr. and Mrs. Kopp approached Bradley Kopp after plaintiff was shot. It is apparent from the testimony, that Burnell and Crystal Kopp were confronting Bradley, rather than they were the police, in an effort to disarm him and protect him from himself. The actions Bradley took and the forces that prevailed upon him were in motion before his parents were awakened that night on May 15, 1988.

In light of this evidence it is clear, even if we were to assume, Burnell and Crystal Kopp were negligent, that their negligence was an insignifcant factor that may have contributed to plaintiff's injuries.

In this case the only conclusion that can be reached is that Burnell and Crystal Kopp were attempting to disarm Bradley Kopp and in no way did anything to bring about the plaintiff's injuries.

Alternatively, we find Bradley Kopp's act was a superceding cause of plaintiff's injury. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts, §440, (1965); see *Mike v. Borough of Aliquippa,* 279 Pa. Super. 382, 421 A.2d 251 (1980.) "Among the factors to consider in determining whether a subsequent force is an intervening or superseding

cause are whether the force is operating independently of any situation created by the first actor's negligence and whether it is or is not a normal result of that situation." *Chacko v. PennDOT,* 148 Pa. Commw. 494, 499, 611 A.2d 1346, 1349 (1992), citing Restatement (Second) of Torts, §442(a) (1965).

Bradley was by all accounts acting independently and in opposition to his father's instructions. Bradley Kopp's conduct created the situation from which plaintiff's injuries were a normal and foreseeable consequence. Bradley Kopp's acts did not follow from the alleged negligence of Burnell and Crystal Kopp, but rather was a continuation of his own actions beginning from the moment he fled from police.

Accordingly, we enter the following order.

## ORDER

And now, to wit, September 30, 1993, we grant defendants', Burnell and Crystal Kopp's motion for summary judgment.