# M.L. v. University of Pittsburgh

*Lynne Irwin*, for plaintiff.
*Jeffrey T. Wiley*, for University of Pittsburgh.
*David Singley*, for Delta Tau Delta Fraternity.
*Anna Bamonte*, for Sigma Chi Fraternity.
*Chester A. Dudzinski*, for Phi Gamma Delta Fraternity.

FRIEDMAN, *J.*, November 29, 1995—

## MEMORANDUM IN SUPPORT OF ORDER

All defendants have filed preliminary objections to plaintiff's first amended complaint in the captioned matter. There had also been preliminary objections made to the original complaint, but those were rendered moot by the filing of the first amended complaint. There has been no prior ruling by a judge on the objections to the original complaint.

## FACTS ALLEGED

Paragraphs 1-61 of the first amended complaint set forth in great detail the factual background out of which Counts I-VIII arise. Briefly stated, plaintiff, then a minor for purposes of the laws concerning alcoholic beverages, attended, by invitation, a party (called a "combine") held jointly by the defendant fraternities, which are affiliated with defendant university. The location of the party was in defendant Phi Gamma Delta's fraternity house. At the party's entrance, monitoring systems were in place to ensure compliance with defendant university's regulations on alcohol consumption. Despite having an ink-stamped "N" on her hand as a visible des-

ignation that she was a minor, an adult bartender gave plaintiff punch spiked with grain alcohol. Plaintiff quickly became severely intoxicated and was unable to control or balance herself. She also could not see or think clearly. An individual who identified himself as a pledge of defendant Sigma Chi then took plaintiff upstairs and sexually assaulted her. Several other unidentified males who are believed to be affiliated with defendant fraternities later joined in on the assault. Plaintiff was unable to defend herself or to escape from the room because of her severe intoxication. However, she did not consent to the sexual activity and was able to tell the assailants so, albeit to no avail. Eventually all but one of the assailants left. He came at her in a sexually assaultive manner and plaintiff's next recollection is of being in a different part of the room. Several persons believed to be members of defendant Phi Gamma Delta observed plaintiff after the assaults but at first did nothing to help her. Eventually, one member of Phi Gamma Delta grudgingly helped her dress and arranged for her to be driven home by disc jockeys who had worked at the party.

The defendant university investigated and concluded that plaintiff had been sexually assaulted and also concluded that she had been served alcohol in violation of its policies.

The defendant fraternities destroyed the guest list and their members continue to refuse to identify the assailants, thereby hindering the police investigation.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

Counts I-IV are based on social host liability. Count I applies to Phi Gamma Delta, Count II to Sigma Chi, Count III to Delta Tau Delta, and Count IV to the University of Pittsburgh.

Counts V-VIII are simply captioned "negligence" and are based on certain sections of the Restatement (Second) of Torts §314-A, entitled "special relations giving rise to duty to aid or protect," and section 877, entitled "directing or permitting conduct of another." Both sections deal with breach of a voluntarily assumed duty. Count V applies to Phi Gamma Delta, Count VI to Sigma Chi, Count VII to Delta Tau Delta, and Count VIII to University of Pittsburgh.

The court believes at least one other cause of action, spoliation of evidence, is also available to plaintiff as an alternative to the counts against the defendant fraternities. In addition, notions of liability based on conspiracy or joint venture are clearly invoked and the need for separate counts on these theories should be considered and additional allegations of agency and so forth added as needed.

## DISCUSSION

The first amended complaint clearly contains some defects but only those of Count IV are irremediable. The court had ruled on most of the objections at oral argument, overruling the demurrers of all defendants except that of defendant university to Count IV, social host liability, which was taken under advisement. Count IV will be discussed later in this memorandum, the main purpose of which is to provide guidance regarding the extent of amendment permitted by the court to comply with its rulings on the various preliminary objections.

### A.

The first amended complaint pleads evidence extensively and also pleads multiple allegations in single paragraphs. The second amended complaint is to con-

form to Pa.R.C.P. 1019-1022. Plaintiff may plead only *material* facts (not the evidence which may be offered to prove those facts at trial) and is to plead no more than one material fact in each paragraph.

B.

The counts which may be pled are as follows:

### 1. Negligence Under Section 314A(3) of the Restatement (Second) of Torts Against Defendant Phi Gamma Delta

Section 314A(3) describes the applicable relationship which imposes a duty upon defendant Phi Gamma Delta to protect plaintiff:

"(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation."

Defendant Phi Gamma Delta argues that the phrase "open to the public" means that this cause of action can apply only to businesses. The court, however, agrees with plaintiff that it is sufficient to plead that the "combine" took place on defendant Phi Gamma Delta's premises and that it was open to the public particularly to women such as plaintiff. The comments to section 314A are especially instructive and are quoted in pertinent part below:

"Caveat: The institute expresses no opinion as to whether there may not be other relations which impose a similar duty.

"(b) The duties stated in this section arise out of special relations between the parties, which create a special responsibility, and take the case out of the general rule. . . . The law appears, however, to be working

slowly toward a recognition of the duty to aid or protect in any relation of dependence or of mutual dependence.

"(d) The duty to protect the other against unreasonable risk of harm extends to risks arising out of the actor's own conduct. . . . It extends also to risks arising from forces of nature or animals, or from the acts of third persons, whether they be innocent, negligent, intentional, or even criminal.

"(e) The duty in each case is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury. He is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate, . . . .

"(f) The defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered, or is ill or injured."

As another basis for its demurrer, defendant Phi Gamma Delta contends that since plaintiff is unable to identify by name any of its members, no "special relationship" is pled. Identification, however, is not crucial to the pleading of a special relationship. Plaintiff's assailants are sufficiently described as including members or guests of defendant fraternities, and defendant Phi Gamma Delta whose premises were used for the combine is a "possessor of land" within the meaning of section 314A(3). The necessary "special relationship" therefore has been pled.

### 2. Negligence Under Section 877 of the Restatement (Second) of Torts Against All Defendants

Section 877(d) imposes liability on the defendant university who "controls" defendant fraternities via its rules and regulations.

Section 877(e) imposes liability on defendant fraternities for failing to protect plaintiff from being served alcohol and from being attacked by their members and guests after the illegal alcohol rendered her unable to defend herself or leave the area of attack.

### 3. Social Host Liability for Harm Caused by Third Persons Against Defendant Fraternities

Defendants all suggest that the case of *Goldberg v. Delta Tau Delta,* 418 Pa. Super. 207, 613 A.2d 1250 (1992), exempts a social host from liability for the intentional torts of *others.* If this were correct, which it is not, the case still would not protect the defendant fraternities since their own members are alleged to have participated in the assaults on plaintiff. A better reading of *Goldberg* is that it excused the additional defendant from liability for plaintiff's daughter's murder by a third party for three reasons: first, additional defendant was also a minor as were the decedent and her murderer; second, additional defendant was *not* a social host as he did not plan or host the party; and third, additional defendant's contribution to decedent's intoxication was *de minimis,* where he simply handed her a drink at someone else's party. Contrary to defendants' contention, the extensive discussion in *Goldberg* does not eliminate social host liability where harm to a plaintiff results from the intentional torts of third parties.

All defendants also suggest that social host liability does not apply to them because, as a matter of law, intentional bad acts of third parties are deemed *not* foreseeable. Given the circumstances of this case, the court disagrees strongly. This would be a question of fact for a jury, which could find, for example, that it was foreseeable that, under the facts pled, some people at the "combine" would get drunk and become ag-

gressive and that others would be at risk for receiving offensive overtures which they would be too incapacitated to fend off.

As to the matter taken under advisement, the viability of Count IV, the defendant university relies on the case of *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990), supporting its demurrer to the plaintiff's cause of action based on social host liability. *Sullivan* holds that no such cause of action is stated where it cannot be alleged that the defendant in question either "served or furnished the alcoholic beverages to the minor," and that said defendant did so *knowingly.* In *Sullivan,* the Pennsylvania Supreme Court expressly rules out liability based on *imputed* knowledge of the minority of a guest. The court also discusses the concept of universities standing in loco parentis to its students and in this context points out that fraternities are "organizations . . . based upon fraternal, not paternal, relationships." Under the facts pled (or pleadable, were amendment allowed), there could be no finding that defendant university had *actual knowledge* of the service of alcohol upon the instant plaintiff. Although the facts pled and the inferences therefrom could suggest that the defendant university *should have known* that its policies were inadequate or were not taken seriously by the defendant fraternities, the Pennsylvania Supreme Court has ruled that imposition of liability based on such imputed knowledge is an unjustifiable "sweeping change of our existing law." The Supreme Court balanced the cost to universities and the national fraternal organizations (who are not defendants herein) with what it perceived were "relatively rare, regrettable incidents" and concluded that "the increased cost which would enure to such bodies could seriously impede the mission of these institutions which serve a vital role in the

development of our youth." *Sullivan, supra* at 366, 572 A.2d at 1213.

Even though the facts in the instant case arguably involve a more sympathetic minor than did *Sullivan,* the court's rationale was not based on the minor's conduct but rather on the university's lack of involvement in setting up the party and on the absence of a duty in the university to the minor because of the nonexistence of its *in loco parentis* status.

### 4. Spoliation of Evidence Against Defendant Fraternities

The allegation that the guest list/sign-in sheet was lost or destroyed by defendant fraternities gives rise to an alternative cause of action for spoliation of evidence, recently the subject of an article in the *Pennsylvania Law Weekly,* 18 PLW 1397 & 1420 (November 13, 1995). Two courts of common pleas have overruled demurrers to counts of spoliation and, according to the *PLW* article, have held that the following elements must be pled and proved:

"(1) A potential civil action [of which possibility the potential civil defendant was aware].

"(2) A legal duty to preserve evidence relevant to the civil suit.

"(3) Destruction of the evidence.

"(4) Significant impairment in the plaintiff's ability to prove the case.

"(5) Damages." *Taylor v. Johnson Products Co.,* (C.P. Dauphin, October 27, 1995) and *Liebig v. Consolidated Rail Corp.,* 31 Lebanon Co. L.J. 188 (1994).

Plaintiff may plead an additional cause of action for spoliation of evidence, even though this was not origi-

nally itemized in her first amended complaint, since it is covered by the aforesaid allegation.

## CONCLUSION

Although this will be plaintiff's third attempt at drafting a procedurally acceptable complaint, the court recognizes that the causes of action asserted are in a developing area of the law. The court will not therefore require automatic dismissal with prejudice if the second amended complaint still fails to meet all preliminary objections. In the interest of judicial economy, the undersigned will retain jurisdiction, as to preliminary objections only, to the second amended complaint.

## ORDER

And now, to-wit, November 29, 1995, it is hereby ordered that the demurrer of defendant University of Pittsburgh to Count IV of plaintiff's first amended complaint is sustained, and Count IV is hereby stricken without leave to amend, and it is further ordered that all other preliminary objections in the nature of demurrers are overruled, but plaintiff is nevertheless directed to file a second amended complaint in accordance with the accompanying memorandum in support of order, no later than January 16, 1996.

The undersigned retains jurisdiction of this case only for the purposes of dealing with any preliminary objections to the second amended complaint.